UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD J. FOSS,

        Plaintiff,

v.

CITY OF BATTLE CREEK, *et al.*,

        Defendants.
                                /

Case No. 1:12-cv-215

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights claim. This matter is now before the court on defendants' motion to dismiss (docket no. 11). Defendants' motion is unopposed.

    **I.**    **Plaintiff's Claims**

Plaintiff, Gerard J. Foss, has named three defendants in this action: the City of Battle Creek (sometimes referred to as "the City"); Paul Engels (the City's Resource Manager); and Kevin Tsuchiuama (the City Manager). Compl. at ¶¶ 5-7. Plaintiff has set forth the following allegations in his complaint. Since 1995, plaintiff has applied for numerous positions with the City. *Id.* at ¶ 9. Plaintiff feels that his applications have been summarily rejected and denied by defendant Engels, "thus disenfranchising [p]laintiff." *Id.* at ¶ 10. Plaintiff complained to Engels in 1994 [sic], and that during a taped telephone conversation Engels told plaintiff, among other things, "I will not higher [sic] you for the City." *Id.* at ¶¶ 11-12. Plaintiff has continued to submit applications for positions with the City, but he is no longer receiving rejection letters. *Id.* at ¶¶ 13-14. The City's Human Resources Department's advertised mission is to recruit "highly qualified individuals," all jobs are open to the public, and that the City is an Equal Opportunity Employer. *Id.* at ¶ 15. Despite

plaintiff's qualifications, defendants arbitrarily rejected his applications and failed to follow the City's policies. *Id.* at ¶ 16.

Plaintiff has alleged federal causes of action pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights), and the Age Discrimination in Employment Act of 1967 (ADEA), as well as a state law cause of action for silent fraud. *Id.* at ¶¶ 3 and 18. Plaintiff's actions under §§ 1983 and 1985(3) are based upon a violation of his Fourteenth Amendment rights, because defendants "prejudic[ed] his applications through disparate treatment and failing to follow [sic] open to the public employment process to assure [p]laintiff's equal protection under the law." *Id.* at ¶ 17 (emphasis omitted). Plaintiff's ADEA claim is based upon a violation of 29 U.S.C. § 623(a), because he is over 50 years old and was subject to discrimination "due to plaintiff's age, contrary to law." *Id.* at ¶¶ 3 and 17. Finally, plaintiff's silent fraud claim arose because defendants advertised "that his application would be reviewed and given careful consideration," but they deliberately failed to consider his qualifications as "advertised." *Id.* at ¶ 18. Plaintiff alleged that defendants' "intentional misrepresentation" in their advertisement amounted to "silent fraud." *Id.* Plaintiff seeks declaratory relief, injunctive relief, compensatory damages and punitive damages. *Id.* at p. 4.

**II.     Defendants' motion to dismiss**

**A.     Plaintiff's § 1983, 1985 and silent fraud claims**

As an initial matter, defendants point out that plaintiff's Fourteenth Amendment and silent fraud claims are identical to the claims asserted against the three defendants (City of Battle Creek, Paul Engels and Ken Tsuchiuama) which this court dismissed in *Foss v. City of Battle Creek*,

No. 1:12-cv-83 ("*Foss I*") (Opinion Feb. 6, 2012) (Quist, J.) (docket no. 6). The court's summary and legal analysis of those claims is set forth below:

### *Claim under § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Foss purports to allege an equal protection claim under the Equal Protection Clause of the Fourteenth Amendment but his allegations fall far short of what is required to allege such a claim. Foss's equal protection claim appears to be a "class of one"-type claim because he does not allege that Defendants' actions burdened a fundamental right or that he is a member of a suspect class. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). To allege a "class of one" claim, Foss must allege that he "and other individuals who were treated differently were similarly situated in all material respects." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009). Foss fails to allege, even in a conclusory manner, that other job applicants who received interviews and job positions were similar to him in all relevant aspects, including experience, training, education, etc. *Id.* Instead, Foss merely asserts that Defendants' rejections of his applications somehow give rise to an equal protection claim – which they do not.

Although Foss does not explicitly mention a due process claim, to the extent he seeks to allege such a claim based on Defendants' failure to follow their policy that all job positions are open to the public, it would lack merit. Foss has no due process claim because he lacks a protected property interest in prospective employment. *See Richardson v. City of Detroit*, No. 88-1297, 1988 WL 131476, at *1 (6th Cir. Dec. 12, 1988) (affirming district court's grant of summary judgment based on the ground that "plaintiff had no property or liberty interest in prospective employment as a transportation equipment operator sufficient to implicate the requirements of due process"); *Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322, 326 (7th Cir. 2002) ("We do not accept Moore's untenable claim that he has a property interest in prospective employment with the Muncie Fire Department."); *Lewis v. Dep't of Health & Hosps.*, No. 98-1341, 1999 WL 448814, at *1 (10th Cir. July 2, 1999) (stating that "[w]e decline plaintiff's invitation to recognize a property interest in fair consideration for prospective employment").

> ### *Claim Under § 1985(3)*
>
> Foss alleges no facts in support of a conspiracy claim under 42 U.S.C. § 1985(3). A claim alleging a violation of § 1985(3) must "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action." *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). The complaint alleges neither a conspiracy nor class-based animus.
>
> ### *Silent Fraud*
>
> Foss also fails to state a claim for silent fraud. Such a claim requires a material misrepresentation of past or existing fact; future promises cannot support an actionable claim of fraud. *Eerdmans v. Maki*, 226 Mich. App. 360, 366, 573 N.W.2d 329, 333 (1997). Here, Foss simply alleges that "Defendant gave Plaintiff an unmistakable impression that his application would be reviewed and given careful consideration, based on his education and experience." (Compl. ¶ 18.) At most, this is a future promise that cannot support a fraud claim. Moreover, although Foss says that he relied on this statement, he has not shown detrimental reliance, *M & D, Inc. v. McConkey*, 231 Mich. App. 22, 27, 585 N.W.2d 33, 37 (1998), which is required such a fraud claim.

*Foss I* (Opinion at pp. 3-4) (docket no. 6). The court dismissed plaintiff's complaint pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted and closed the case. *Id.* (Order) (docket no. 7).

Defendants seek dismissal of the §§ 1983 and 1985 claims (the Fourteenth Amendment claims) and the silent fraud claim raised in the present case as frivolous and barred by res judicata pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court can review a "frivolous" claim under the standard applicable to determine whether the complaint stated a claim on which relief may be granted. *See*

4

*Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("[a]ny complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted" under § 1915(e)(2)(B)(ii)) (citing *Nietzke v. Williams*, 490 U.S. 319, 328-29 (1989)).

To determine whether a complaint states a claim on which relief can be granted under § 1915(e)(2)(B)(ii), the court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill*, 630 F.3d at 470-71.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). While the pleading standard under Fed. R. Civ. P. 8 does not require "detailed factual allegations," the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555.

As an initial matter, defendants rely on the doctrine of res judicata. Under that doctrine "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The Sixth Circuit applies a four-part test for determining whether a subsequent action is barred by the doctrine of res judicata:

> "[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Rawe v. Liberty Mutual Fire Insurance Company*, 462 F.3d 521, 528 (6th Cir. 2006), *quoting Kane v. Magna Mixer Company*, 71 F.3d 555, 560 (6th Cir.1995).[1]

The Fourteenth Amendment and the silent fraud claims alleged in the present action meet the four-part test for res judicata set forth in *Rawe*. Defendants met the first part of the test when the court dismissed plaintiff's in forma pauperis complaint filed in *Foss I*. However, this determination requires additional discussion, because while the court in *Foss I* addressed the sufficiency of the allegations in the complaint, the court did not address the merits of plaintiff's claims. The dismissal of a plaintiff's initial complaint under § 1915(e)(2) was not a dismissal on the merits. *Stephens v. Hayes*, 374 Fed. Appx, 620, 622 (6th Cir. 2010), citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). "[C]onsequently, it arguably lacks res judicata effect except as to frivolousness determinations for future in forma pauperis petitions." *Id.* As the Supreme Court explained in *Denton*,

> Because a § 1915(d) [now § 1915(e)[2]] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.

---

[1] The present case involves a concept sometimes referred to as issue preclusion. In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 fn. 1 (1984), the court explained:

> Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

[2] The predecessor statute at issue in *Denton*, § 1915(d), read as follows "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous and malicious." 28 U.S.C. § 1915(d).

*Denton*, 504 U.S. at 34. Relying on *Denton*, the Sixth Circuit held that where a plaintiff's previous in forma pauperis complaints were dismissed as frivolous under § 1915(e)(2) because "they lacked an arguable basis in law," these dismissals had res judicata effect and established that the third in forma pauperis complaint raising the same subject matter was frivolous for purposes of § 1915(e)(2). *Hill v. Elting*, 9 Fed. Appx. 321, 321-22 (6th Cir. 2001). Similarly, because plaintiff's in forma pauperis complaint in *Foss I* lacked an arguable basis in law, the court's dismissal of that complaint had a res judicata effect as to plaintiff's in forma pauperis complaint filed in this action. Accordingly, in this instance, the court's dismissal of *Foss I* acts as the final decision for purposes of applying the doctrine of res judicata. *See Denton*, 504 U.S. at 34; *Elting*, 9 Fed. Appx. at 321-22.

Second, the present action is between the same parties. Third, the Fourteenth Amendment and silent fraud claims were litigated in *Foss I*. *Id.* Fourth, there is an identity of the causes of action. "[A]n identity of the facts and events creating the right of action and of the evidence necessary to sustain each action." *Dover v. United States*, 367 Fed. Appx. 651, 654 (6th Cir. 2010), quoting *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, (6th Cir. 1992). Here, plaintiff has alleged the same misconduct against the same defendants as alleged in *Foss I*.

Accordingly, plaintiff's Fourteenth Amendment and silent fraud claims raised in *Foss I* are barred by the doctrine of res judicata and should be dismiss as frivolous under § 1915(e)(2)(B)(i). Furthermore, even if these claims were not barred, they are subject to dismissal for failure to state a claim for relief under § 1915(e)(2)(B)(ii) for the same reasons as discussed by the Court's Opinion in *Foss I*. Accordingly, defendants' motion to dismiss these claims should be granted.

### B. Plaintiff's claim of age discrimination

Finally, plaintiff has presented a new claim for age discrimination under ADEA. Plaintiff relies on 29 U.S.C. § 623(a)(1), which provides that "[i]t shall be unlawful for an employer – (1) to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Defendants contend that plaintiff has failed to allege an age discrimination claim, relying on the elements as set forth in *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). However, the elements set forth in *Schoonmaker* (which reviewed whether there was sufficient evidence to establish a *prima facie* claim of age discrimination claim on a motion for summary judgment), are inapplicable to the present case (which seeks dismissal for failure to state a claim for relief under § 1915(e)(2)(B)(ii)). It is premature for the court to apply the elements for establishing a *prima facie* case of employment discrimination on a motion to dismiss. *See Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) ("[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). The appropriate standard on a motion to dismiss is to determine whether the plaintiff has sufficiently pled "a claim to relief that is plausible on its face." *Pedreira*, 579 F.3d at 728, *quoting Twombly*, 550 U.S. at 570.

Here, plaintiff has alleged that he "is over 50 years old" and that defendants "discriminated against processing his application due to plaintiff's age, contrary to law." Compl. at ¶ 17. Plaintiff's cryptic allegations fail to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While plaintiff has alleged that he met the age

requirement for an ADEA claim,[3] the balance of his complaint consists of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" which is deficient under the pleading standard of Fed. R. Civ. P. 8. *Id.* Furthermore, the complaint does not include sufficient factual allegations from which the court can draw a reasonable inference that defendants are liable for the alleged misconduct of age discrimination. *Id.* Accordingly, plaintiff's age discrimination claim should be dismissed pursuant to § 1915(e)(2)(B)(ii).[4]

### III.     Recommendation

For these reasons, I respectfully recommend that defendants' motion to dismiss (docket no. 11) be **GRANTED** and that this action be dismissed.


Dated:  October 23, 2012                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] Title 29 U.S.C. § 631(a) provides that claims "are limited to individuals who are at least 40 years of age."

[4] Because plaintiff has failed to allege a plausible age discrimination claim, it is unnecessary to address defendants' alternative argument that this claim should be dismissed for lack of exhaustion.